USCA1 Opinion

 

 March 16, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1576 CHARLES M. MOUNT, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ___________________ Charles Merrill Mount on brief pro se. _____________________ A. John Pappalardo, United States Attorney, and Tobin N. ___________________ ________ Harvey, Assistant United States Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Charles Merrill Mount appeals from a ___________ district court order denying his motion for return of $18,400. Following his arrest for violation of 18 U.S.C. 2314, those funds were seized from a safety deposit box maintained by Mount in the District of Columbia. And following his conviction, those funds were ordered to be paid in restitution to Goodspeed's, the antiquarian book shop which had suffered a $20,000 loss as a result of Mount's crimes. There is ample reason to believe that the $18,400 was the unspent balance of the very funds that had been paid by Goodspeed's for historical documents that Mount did not own but had wrongly sold to Goodspeed's. Mount now argues that all of the historical documents which he sold to Goodspeed's were stricken from Count I of the indictment at trial, with the result that Goodspeed's suffered no actual loss and thus was not entitled to restitution. This contention is flatly contradicted by the record. See United States v. Mount, 896 F.2d 612, 614-20 ___ _____________ _____ (1st Cir. 1990) (describing the evidence under Count I and affirming the conviction thereunder). We have examined each of Mount's remaining allegations in this regard and find them to be without merit. Affirmed. _________ -2-